IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROBERT C. JONES — PLAINTIFF

VS. — CIVIL ACTION NO. 3:06CV161DPJ-JCS

CHRISTOPHER EPPS, ET AL. — DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court sua sponte. The Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636 ( c); Fed. R.Civ. P. 73. Jones is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915(e). Having received testimony from Jones at his omnibus hearing which amplified (and at times contradicted) his complaint, the court concludes that his complaint is due to be dismissed as frivolous.

By his complaint, Jones complains of "ping-pong" toilets in South Mississippi Correctional Institution II (SMCI II) Lockdown. He states that this "ping-pong" effect exposed him to another inmate's bodily waste for every day for the nine months in 2005 in which he was housed in lockdown. The complaint seeks $30, 000 in compensatory damages and $30,000 in

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

punitive damages.[2] The complaint additionally seeks injunctive relief, requiring officials to remedy the plumbing problem.

Initially, it is clear that in light of plaintiff's testimony that he is no longer housed in SMCI II lockdown, his claim for injunctive relief is moot. Moreover, given plaintiff's testimony that he had no injuries, it is clear that he cannot state a claim pursuant to the Eighth Amendment and that his claim for monetary damages is barred by 28 U.S.C. § 1997e. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) ("Without an allegation of a more than de minimis physical injury," plaintiff's [Eighth Amendment] claim lacks merit.); see Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir.1997) (applying § 1997e(e)'s physical injury requirement to Eighth Amendment claims and holding that § 1997e(e)'s physical injury requirement is coextensive with Eight Amendment's physical injury test). Moreover, given Jones' admission at his omnibus hearing that he had not, contrary to his responses to the court's show cause orders, presented or attempted to present this claim to the Mississippi Department of Corrections (MDOC) Administrative Remedy Program, he seeks relief to which he is not entitled and his complaint is due to be dismissed on this basis as well. 42 U.S.C. § 1997e ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); see also Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998) ("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the

---

[2] The complaint also requested nominal damages.

complaint within its grievance procedures.”).

Further, in light of plaintiff's in forma pauperis status and his failure to allege any injury, much less the requisite de minimis injury, the court concludes that this complaint should be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2) (as amended) ("the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").[3] Since this case is to be dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a “strike.”[4] If the plaintiff receives “three strikes,” he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED, this the 3rd day of November, 2006.

s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE

---

[3] A case that is found to be legally frivolous is one that seeks to assert a “right” or address a “wrong” clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U. S. 319 (1989).

[4] 28 U.S.C. § 1915(g) states “[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.”